# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| C.H. ROBINSON COMPANY and LAMB-WESTON SALES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> H & H DISTRIBUTING COMPANY, INC., et al., <br><br> Defendants. | No. 09-CV-2025-LRR <br><br> **ORDER** |

## *I. INTRODUCTION*

The matter before the court is the "Motion of Plaintiffs for Award of Attorney Fees" ("Motion") (docket no. 13) filed by Plaintiffs C.H. Robinson Company ("C.H. Robinson") and Lamb-Weston Sales, Inc. ("Lamb-Weston").

## *II. RELEVANT PROCEDURAL BACKGROUND*

On June 5, 2009, Plaintiffs filed a Complaint (docket no. 1) against Defendants H & H Distributing Company, Inc. ("H & H Distributing"), Sandra Baldwin, Ruth Hansen and Donald Hansen. The Complaint asserts several claims related to Defendants' alleged violations of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq.* ("PACA").

On August 27, 2009, Plaintiffs filed a "Request for Clerk's Entry of Default" (docket no. 9) against H & H Distributing pursuant to Federal Rule of Civil Procedure 55(a). On August 28, 2009, the Clerk of Court filed a Default Entry (docket no. 10) against H & H Distributing. On September 3, 2009, Plaintiffs filed a "Motion for Default Judgment Against [H & H Distributing]." ("Motion for Default Judgment") (docket no. 11). On December 11, 2009, the court entered Default Judgment (docket no. 12) in favor

of Plaintiffs and against H & H Distributing.

On December 15, 2009, Plaintiffs filed the Motion. H & H Distributing has not filed a resistance and the time for doing so has expired. *See* LR 7.e ("Each party resisting a motion must, within 14 days after the motion is served, file a brief containing a statement of the grounds for resisting the motion[.]").

### III. ANALYSIS

In the Motion, Plaintiffs request $11,643.75 in attorneys' fees and $688.72 in costs. Plaintiffs also ask the court to award prejudgment interest of $9,527.64.

#### A. *Attorneys' Fees & Costs*

In each invoice Plaintiffs issued to H & H Distributing, Plaintiffs included an attorneys' fees provision. C.H. Robinson's invoices provided that: "You agree to pay interest at 1 1/2% per month and any attorney fees necessary to collect payment. Interest and attorney fees necessary to collect payment are sums owing in connection with the transaction." Complaint (docket no. 1-4), Ex. C. Lamb-Weston's invoices provided:

> Past due invoices shall accrue interest at 1 1/2% per month. If overdue accounts are referred to an attorney, you agree to pay attorney's fees plus the cost of all legal action as an additional charge under the contract of sale covered by this invoice. Additionally, all interest and attorney's fees are sums owing in connection with the transaction.

Complaint (docket no. 1-5), Ex. D. In the Default Judgment, the court stated that "Plaintiffs are each entitled to recover attorney fees from Defendant H & H" and that "Plaintiffs are entitled to the costs of this action." Order (docket no. 12), at 3.

Plaintiffs' counsel, Devin Oddo and Mark Amendola, spent 33.75 hours on this matter at an hourly rate of $345.00, for a total of $11,643.75. Plaintiffs submitted the Affidavit of Mark Amendola ("Amendola Aff.") (docket no. 13-2), in which Amendola states that the hourly rate of $345.00 is "the customary rate charged to all clients who have claims arising under PACA" and that this rate is "equal to or less than that charged by

other firms which concentrate in the area of PACA law." Amendola Aff. at ¶¶ 4-5.

"'The starting point in determining [reasonable attorneys' fees] is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.'" *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (quoting *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002)). The lodestar figure is presumed to be the reasonable fee to which counsel is entitled. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Casey v. City of Cabool, Mo.*, 12 F.3d 799, 805 (8th Cir. 1993). A reasonable hourly rate is generally the prevailing market rate in the locale, that is, the "ordinary rate for similar work in the community where the case has been litigated." *Moysis v. DTG Datanet*, 278 F.3d 819, 828-29 (8th Cir. 2002) (quoting *Emery v. Hunt*, 272 F.3d 1042, 1047 (8th Cir. 2001)).

The court finds that Plaintiffs have failed to carry their burden to show that the hourly rate of $345.00 is the "ordinary rate for similar work in the community where the case been litigated." *Id*.

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Plaintiffs offered no evidence as to the prevailing rates for similar services in this community. Rather, Plaintiffs offered only information with regard to the prevailing rates of firms that specialize in "PACA law." Amendola Aff. at ¶ 5. While Plaintiffs' counsel may be experts or specialists in PACA cases, the court is not convinced that this expertise was put to use to obtain a default judgment against H & H Distributing. If, for example, Plaintiffs' attorneys had used their specialized PACA knowledge to obtain summary judgment, the $345 hourly rate might have been appropriate. However, the efforts undertaken to obtain the Default Judgment

are decidedly quotidian from a civil litigation point of view. Accordingly, the court finds that the hourly rate of $345 is unreasonable. The court finds that a rate of $225 is reasonable for the kind of work performed by Plaintiffs's counsel. Accordingly, the court shall apply an hourly rate of $225 to calculate the lodestar figure.

Plaintiffs counsel billed 33.75 hours on this matter. Mark Amendola billed 1.25 hours. Devin Oddo billed the remaining 32.5 hours. The court finds that the amount of hours billed, while perhaps slightly higher than one would expect necessary to obtain a default judgment, is reasonable. Accordingly, Plaintiffs are entitled to attorneys' fees for 33.75 hours at an hourly rate of $225.00. This yields a lodestar figure of $7,593.75. The court shall award this amount to Plaintiffs as a reasonable attorneys' fee.

Plaintiffs also seek $688.72 in costs. This amount includes a filing fee, fees for a process server, *pro hac vice* fee, computerized legal research, copy and fax charges, postage and "mci." Motion (docket no. 13-1), Ex. A at 7. Reasonable out-of pocket expenses incurred by an attorney which normally would be charged to a fee-paying client are ordinarily includable in an award of fees. *See Pinkham v. Camex, Inc.*, 84 F.3d 292, 294-95 (8th Cir. 1996) (recognizing that "reasonable out-of-pocket expenses of the kind normally charged to clients by attorneys" may be "included as part of the reasonable attorney's fees awarded"); *see also Goss Int'l Corp. v. Tokyo Kikai Seisakusho, Ltd.*, No. C00-35-LRR, 2004 WL 1234130, at *6 (N.D. Iowa June 2, 2004) (Reade, C.J.) ("Reasonable out-of-pocket expenses incurred by an attorney which normally would be charged to a fee-paying client ordinarily are includable in a statutory award of fees.").

The court finds an award of $613.69 is appropriate for these costs. Plaintiffs seek $33.15 for "lexis" and $23.28 for "computerized research." Exhibit A at 7. However, it is well-settled in the Eighth Circuit that "computer-based legal research must be factored into the attorneys' hourly rate, hence the cost of the computer time may not be added to the fee award." *Standley v. Chilowee R-IV Sch. Dist.*, 5 F.3d 319, 325 (8th Cir. 1993).

Accordingly, the court shall not award the $56.43 Plaintiffs seek for these expenses. The court also denies Plaintiffs' request for $18.60 for "mci." Ex. A at 7. Plaintiffs provide no further explanation of what this expense is and the court is therefore unable to assess its reasonableness. *See, e.g., H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260-61 (8th Cir. 1991) (discussing propriety of reducing fee award based on inadequate documentation). The court finds the remaining expenses are reasonable out-of-pocket expenses that would normally be passed on to a fee-paying client. Accordingly, the court shall award Plaintiffs $613.69 in costs as part of the attorneys' fee award.

## *B. Interest*

Plaintiffs ask the court to award prejudgment interest of $9,527.64 through December 11, 2009. However, the Default Judgment provided that C.H. Robinson was entitled to "prejudgment interest of $3,370.94 as of September 3, 2009, accruing at $26.62 per diem going forward." Order at 3. The Default Judgment also stated that Lamb-Weston was entitled to "prejudgment interest of $1,940.24 as of September 3, 2009, accruing at $15.97 per diem going forward." *Id*. Plaintiffs' request in the Motion for an additional award of prejudgment interest is unnecessary because this interest is necessarily subsumed by the Default Judgment. Accordingly, the court shall deny Plaintiffs' request for $9,527.64 in prejudgment interest as moot.[1]

## *IV. CONCLUSION*

In light of the foregoing, it is **HEREBY ORDERED THAT**:

(1) The Motion (docket no. 13) is **GRANTED IN PART AND DENIED IN PART**;

---

[1] The court notes that the Order was a proposed judgment that Plaintiffs submitted to the court. Plaintiffs could have left the exact amount of interest for the court to determine at the time of default judgment. If Plaintiffs erred in the calculation of interest set forth in the proposed Default Judgment, they may filed a motion to amend the Default Judgment.

5

(2) The Clerk of Court is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiffs and against Defendant H & H Distributing for $7,593.75 in attorneys' fees and $613.69 in costs for a total amount of **$8,207.44**.

**IT IS SO ORDERED.**

**DATED** this 4th day of February, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA